### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CORDARYL FREEMAN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )     2:11-cv-01595-AKK-RRA |
| | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| **Respondent.** | ) |

### MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation, recommending that the petition be dismissed because it is barred by the statute of limitations, or in the alternative, because the claims are barred by procedural default. Objections have been filed.

In the report and recommendation, the magistrate judge concluded that the petitioner has not shown extraordinary circumstances that would warrant equitable tolling of the limitations period, and that he has not shown that he acted with reasonable diligence:

> The petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. Freeman seems to argue that the limitations period should be equitably tolled because "the lawyer for

[his] direct appeal did not advise [him] of the limitations period for federal habeas corpus relief," and because his Rule 32 lawyer told him "he would file a petition for writ of habeas corpus in federal court but did not do so nor did he advise [Freeman] of the time limitations." *Amended Petition* at 5. However, only

> serious attorney misconduct, including "acts of gross negligence [and] acts of outright willful deceit," [can] constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008); *see also Holland v. Florida*, 560 U.S. ——, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010) (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

*Smith v. United States*, No. 10–11793, 2011 WL 1207647 at *1 (11th Cir. Apr. 1, 2011). The court is not aware of any requirement that attorneys representing criminal defendants in state court advise defendants of the existence or specifics of the limitations period for filing a § 2254 petition in federal court. Thus, it is of absolutely no consequence that neither of his attorneys in state court advised Freeman regarding the limitations period.

Moreover, Freeman's assertion that his Rule 32 attorney told Freeman that "he would file a petition for writ of habeas corpus in federal court but did not do so," amounts to no more than "garden variety" or "excusable neglect," and does not rise to the level of an extraordinary circumstance that would warrant equitable tolling. *Holland*, 130 S.Ct. at 2564. Freeman makes no claim and has offered nothing to indicate that he ever pursued the issue of filing a federal habeas petition with his Rule 32 attorney or that he ever contacted the attorney after the end of the Rule 32 proceedings to inquire about a federal petition or the filing deadline. Accordingly, the alleged action of Freeman's Rule 32 attorney does not suffice to establish

"extraordinary circumstances" that prevented him from filing a timely petition.[1]

Furthermore, even assuming that Freeman had established extraordinary circumstances, his equitable tolling claim would still fail because of lack of reasonable diligence. In addition to establishing that the impediments facing him were "extraordinary," the petitioner must establish that he diligently pursued his rights as would be reasonable under the circumstances. Freeman does not allege or demonstrate that he exercised "reasonable diligence" that would warrant equitable tolling. *Holland*, 130 S.Ct. at 2565. He did not file his Rule 32 petition until one day before the one-year limitations period for filing in this court was due to expire. Then, after the conclusion of the Rule 32 proceedings, he delayed more than ten months before finally filing his petition in this court. Freeman makes no claim that he exercised any diligence whatsoever in filing his habeas petition in this court. Therefore, he has not established that he exercised the "reasonable diligence" required by *Holland* to justify equitable tolling of the limitations period.

Freeman has offered nothing to establish that the untimeliness of his petition is the result of circumstances that were beyond his control

---

[1] Additionally, neither miscalculation of the limitations period, nor ignorance of the law, constitutes an extraordinary circumstance that would justify equitably tolling of the statute of limitations. *See, e.g.*, *Miller v. Florida*, 307 Fed. Appx. 366 (11th Cir. 2009)(lack of education); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (pro se status and ignorance of the law); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000)(miscalculation of limitations period or mistake); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and pro se status); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840 (2000) (pro se status throughout most of the period of limitation); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with the legal process during the applicable filing period); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law); *Lambert v. Secretary, Florida Dept. of Corrections*, No. 3:08cv555/MCR/EMT, 2009 WL 4899005, at *3 (N.D. Fla. Dec. 11, 2009)(legal inexperience and misunderstanding of the law); *Paschal v. Frazier*, No. CV 108-149, 2009 WL 890586, at *2 (S.D. Ga. April 01, 2009)(ignorance of the law and erroneous legal advice); *Varner v. Mosley*, No. 2:06-CV-1021-WKW (WO), 2009 WL 103179, at *4 (M.D. Ala. Jan. 14, 2009)(limited knowledge of the law); *Ortega v. Vaughn*, No. Civ.A. 03-3693, 2004 WL 825309, at *6 (E.D. Pa. April 15, 2004)(miscalculation of the limitation period or erroneous belief about tolling).

or that he acted with reasonable diligence. Therefore, he is not entitled to have the limitations period equitably tolled. The limitations period expired on July 8, 2010. Freeman did not file a petition for a writ of habeas corpus in this court until May 13, 2011. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

*Magistrate Judge's Report and Recommendation* at 7 - 9.

In his objections, the petitioner claims that his ignorance of his Rule 32 attorney's failure to file a petition for a writ of certiorari with the Alabama Supreme Court is an extraordinary circumstance that warrants equitable tolling, and that he did exercise "due diligence" by writing the Alabama courts to try to determine the status of his Rule 32 petition:

> In *Holland v. Florida*, the conduct of the petitioner's attorney during representation at the discretionary review level constituted the extraordinary circumstance that the U.S. Supreme Court found sufficient to satisfy that prong of the equitable tolling test. 130 S. Ct. at 2555-56, 2562. The Court moreover determined that the 11th Circuit Court of Appeals' finding that gross negligence of an attorney was insufficient to constitute extraordinary circumstances and that "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" was required was "too rigid." *Id.* at 2563. The petitioner in *Holland* was not informed by his attorney of the Florida Supreme Court's denial of his petition for writ of certiorari and was therefore unaware that his time had resumed running on the statute of limitations for his petition for writ of habeas corpus, and Mr. Freeman similarly was unaware that his Rule 32 attorney had never filed a petition for writ of certiorari with the Alabama Supreme Court and that his time had begun running the statute of limitations for the filing of his federal habeas petition when the Alabama Supreme Court had denied his application for rehearing and affirmed the trial court's dismissal of his Rule 32 Petition. Doc. 10,

> Exh. 4; Id. at 2564.  Mr. Freeman furthermore exhibited due diligence similar to that of the petitioner in *Holland* by writing the clerks of the Alabama appellate courts to determine the status of his Rule 32 appeal. Doc. 10, Exh. 4; *Id*. at 2556.

*Petitioner's Objections*, Court Document 12 at 2 - 3.

Although the petitioner is correct when he states that like him, the "petitioner in *Holland* was not informed by his attorney of the Florida Supreme Court's denial of his petition for writ of certiorari and was therefore unaware that his time had resumed running on the statute of limitations for his petition for writ of habeas corpus," the petitioner seems to imply that the Supreme Court found that counsel's failure to inform the petitioner of this fact amounted to an extraordinary circumstance that warranted equitable tolling on its own.  To the contrary, it is apparent from *Holland* that the fact that Freeman's Rule 32 attorney failed to inform him that his application for a rehearing had been denied, standing alone, does not amount to anything more than simple negligence:

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect."  To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so.

5

> Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Holland*, 130 S. Ct. at 2564. Besides Freeman's claim that he was not informed by his Rule 32 attorney that his application for rehearing had been denied, his case has nothing in common with the facts in *Holland*. He makes no claim that he ever pursued the issue of filing a federal habeas petition with his Rule 32 attorney, or that he ever contacted the attorney to inquire as to the status of the Rule 32 proceedings whatsoever, or to inquire about a federal petition or the filing deadline. Thus, as the magistrate judge concluded, Freeman's attorney's action amounts to no more than "garden variety" or "excusable neglect," and does not rise to the level of an extraordinary circumstance that would warrant equitable tolling. *Holland*, 130 S.Ct. at 2564.

Likewise, Freeman's claim that he "exhibited due diligence similar to that of the petitioner in *Holland* by writing the clerks of the Alabama appellate courts to determine the status of his Rule 32 appeal" is misleading. The petitioner in *Holland*:

> not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts,

6

> their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Holland*, 130 S.Ct. at 2565.

Apparently, Freeman wrote only twice to "the Alabama appellate courts to determine the status of his Rule 32 appeal." In a letter dated December 13, 2010, the clerk of the Alabama Court of Criminal Appeals wrote the following to Freeman:

> In response to your recent status inquiry regarding the above-referenced appeal, be advised that the judgment denying your rule 32 petition was affirmed by memorandum decision on May 14, 2010. Your application for rehearing was overruled on June 18, 2010, and the certificate of judgment issued on July 7, 2010, thereby concluding your appeal.

Court Document 10-4 at page 2. In a letter dated January 18, 2011, the clerk of the Alabama Supreme Court wrote the following to Freeman[2]:

> This is in answer to your inquiry as to whether your appeal is still pending with the Alabama Supreme Court. This court has no record of a case in your name. The Court of Criminal Appeals, however, has ruled on your appeal. Enclosed is the certificate of judgment issued on July 7, 2010.

---

[2] The Supreme Court clerk noted that the letter was in response to Freeman's "letter of December 9, 2010."

Court Document 10-4 at page 1. Yet, despite being informed in December, 2010, that the appeal of his Rule 32 petition was concluded, Freeman did not file his federal petition until May 13, 2011, more than five months later. The petitioner's two letters and his five-month delay in filing his petition in this court after learning that his Rule 32 petition had concluded do not constitute the "reasonable diligence" required by *Holland* to justify equitable tolling of the limitations period.

In his objections, Freeman again argues that the procedural default of his claims should be excused due to the alleged ineffectiveness of his attorney. However, as the magistrate judge concluded, Freeman cannot use the alleged ineffectiveness of counsel as cause to excuse the default of his claims because the claims of attorney error were either defaulted in state court and/or they do not rise to the level of a constitutional violation. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991) & *Hill v. Jones*, 81 F.3d 1015, 1030-1031 (11th Cir. 1996).

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.

This habeas petition is due to be dismissed because it is barred by the statute of limitations, and in the alternative, because the claims are barred by procedural default. An appropriate order will be entered.

    Done the 30th day of November, 2011.

                                              **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE